UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2260-BO

**James Raymond Schimmel**,

    Petitioner,

v.

**Warden Hollenbaek**,

    Respondent.

**Order &
Memorandum & Recommendation**

On November 6, 2015, petitioner James Raymond Schimmel, a federal inmate confined at Butner Low FCI, filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 (D.E 1), together with a document entitled "Challenge to Prove Territorial Jurisdiction Dicial [sic] Notice of Venue by Affidavit" (D.E. 1-1), which the court construes as a memorandum in support of his habeas petition. On November 30, 2015, in response to court order, Schimmel refiled his petition on a § 2241 form prescribed for use in this court, *see* First Am. Pet., D. E. 4, and moved to amend his petition (D.E. 5). The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief. For the reasons explained below, the undersigned recommends[1] that the petition be dismissed without prejudice.

**I.     Background**

On January 30, 2013, Schimmel pled guilty in the United States District Court for the Eastern District of Virginia to one count of Use of Facility of Interstate Commerce to Entice a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2422(b). Pet. at 1, D.E.

---

[1]     The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

1; Second Am. Pet. at 2, D.E. 5-1; *see also United States v. Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. May 10, 2013). Schimmel was sentenced to the mandatory minimum sentence of ten years imprisonment, five years supervised release, and a $100 special assessment. *See id.* Schimmel did not appeal. On May 13, 2014, Schimmel filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in his sentencing court. Pet., *Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. May 13, 2014). Schimmel alleged that his plea was not knowing and voluntary, that he received the ineffective assistance of counsel, and that the application of 18 U.S.C. § 2422(b) to his conduct violates the Commerce Clause. *See* Order, *Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. Aug. 27, 2014). The court denied Schimmel's § 2255 motion, *see id.*, and denied a certificate of appealability, *Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. Sept. 19, 2014). Schimmel appealed. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Schimmel*, 589 F. App'x 105 (4th Cir. 2014). On October 20, 2015, Schimmel filed a Motion to Prove Territorial Jurisdiction in his sentencing court, which the court denied. *See* Order, *Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. Nov. 19, 2015). On December 1, 2015, Schimmel appealed the district court's order to the Fourth Circuit Court of Appeals, *see Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. Dec. 1, 2015), which remains pending.

## II. Motion to Amend

The court begins by addressing Schimmel's motion to amend his petition. As already stated, Schimmel filed an initial § 2241 petition (D.E. 1) and accompanying memorandum (D.E. 1-1) on November 6, 2015, and thereafter filed a first amended petition on the form prescribed for use in this court for filing a § 2241 petition. D.E. 4. On November 30, 2015, Schimmel filed a motion to amend his petition (D.E. 5), accompanied by a proposed second amended petition

entitled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and the Doctrine of Necessity and Motion to Dismiss Indictment under the Fair Warning Act." D.E. 5-1.

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Schimmel's petition is subject to a preliminary review pursuant to 28 U.S.C. § 2243, no respondent has been served. Accordingly, Schimmel's motion to amend his petition is granted. The court reviews all of Schimmel's filings together to determine whether Schimmel has stated any claim upon which relief may be granted. As will be explained below, the undersigned recommends that the court dismisses Schimmel's petition.

### III. Section 2241 Petition

Schimmel challenges the validity of his conviction and sentence on three grounds: (1) the court in his criminal case lacked jurisdiction to impose his sentence because 18 U.S.C. § 3231 is unconstitutional and void, First Am. Pet. ¶ 13, D.E. 4 (Ground One);[2] (2) the court lacked territorial jurisdiction to prosecute him, *id.* (Ground Two); and (3) his indictment is invalid because the prosecutor is holding the grand jury records, no presentment of the indictment was made in open court, and no quorum existed for the grand jury, *id.* (Ground Three). He argues that he should be immediately discharged from custody, and his judgment vacated. *Id.* ¶ 15.

Although Schimmel filed his petition under § 2241, he attacks the legality, as opposed to the execution, of his conviction and sentence. Therefore, he must proceed under 28 U.S.C. §

---

[2] 18 U.S.C. § 3231 states, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

2255 unless he can show that the remedy provided by statute "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 990 (2015); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). If a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause contained in § 2255(e), the district court must dismiss the "unauthorized habeas motion … for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

> Section 2255 is considered inadequate or ineffective when three conditions are met:
>
> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If Schimmel cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. *Rice*, 617 F.3d at 807.

With respect to his claims, Schimmel is unable to meet the second prong of the *Jones* test because the substantive law has not changed so that his conduct—enticing a minor to engage in criminal sexual activity—is no longer criminal. *See, e.g.*, *Rice*, 617 F.3d at 807. Because Schimmel has not satisfied the criteria set forth in *Jones* for demonstrating that § 2255 is an "inadequate or ineffective" remedy, he must proceed with his claim pursuant to § 2255.

Although a court may convert a § 2241 petition into a § 2255 petition under certain circumstances, the court cannot do so here because Schimmel has already sought relief under § 2255. A prisoner cannot bring a second or successive § 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered

evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see United States v. Winestock*, 340 F.3d. 200, 205 (4th Cir. 2003). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. *In re Vial*, 115 F.3d at 1194 n.5. Schimmel has not obtained permission from the Fourth Circuit Court of Appeals to pursue a second or successive habeas petition. Therefore, he cannot proceed under § 2241 or § 2255, and the undersigned recommends that the district court dismiss his § 2241 petition without prejudice.

Furthermore, notwithstanding Schimmel's failure to meet the "savings clause," the claims raised in the habeas petition are without merit. Schimmel argues that his conviction is invalid on the ground that Public Law 80–772, which enacted 18 U.S.C. § 3231, was never voted into law by both Houses of Congress. *See* Pet. at 3–7, D.E. 1; First Am. Pet. ¶ 13 (Ground One), D.E. 4; Second Am. Pet. 3–6, D.E. 5-1. This claim has been consistently rejected by the courts that have considered it. *See United States v. Johnson*, Nos. 1:13-cv-2897-STA-cgc, 1:08-cr-20432-STA-1, 2015 WL 4527768, at *6 (W.D. Tenn. July 27, 2015); *White v. O'Brien*, No. 2:11cv102, 2012 WL 1205681, at *2 (N.D.W. Va. Mar. 21, 2012), *adopted by*, 2012 WL 1205869 (N.D.W. Va. Apr. 11, 2012); *House v. United States*, No. 5:12-cv-31-DCB-RHW, 2012 WL 692526, at *1 n.3 (S.D. Miss. Mar. 2, 2012); *Turner v. United States*, Nos. 09-00180-WS-C, 11-0327-WS-C, 2011 WL 5595939, at *5 (S.D. Ala. Sept. 8, 2011), *adopted by*, 2011 WL 5597283 (S.D. Ala. Nov. 17, 2011) (collecting cases). This claim is frivolous and should be dismissed.

Next, Schimmel, who was convicted and sentenced in the United States District Court for the Eastern District of Virginia, argues that the government failed to establish its territorial jurisdiction to prosecute him. *See* Mem. Supp. Pet. at 1–4, D.E. 1–1, First Am. Pet. ¶ 13

5

(Ground Two), D.E. 4; Second Am. Pet. at 6–7, D.E. 5-1. Schimmel argues that territorial jurisdiction "cannot be assumed," but rather, must be proven by the government when challenged. *See, e.g.*, Mem. Supp. Pet. at 2, D.E. 1-1. The right of a criminal defendant to be tried in the district in which the crime was committed is guaranteed by the Sixth Amendment and by Article III of the United States Constitution. U.S. Const. amend. VI. While the burden of proving that the crime occurred in the district of trial is on the prosecution, *see United States v. Luton*, 486 F.2d 1021, 1022–23 (5th Cir. 1973), *cert. denied*, 417 U.S. 920 (1974), "[t]he prosecution need only show by a preponderance of the evidence that the trial is in the same district as the criminal offense." *United States v. Turner*, 586 F.2d 395, 397 (5th Cir. 1978), *cert. denied*, 440 U.S. 926 (1979), *distinguished on other grounds*, *United States v. Ross*, 844 F.2d 187, 190 (4th Cir. 1988); *see also United States v. Day*, No. 1:09-cr-6-SPM-GRJ, 2012 WL 1230624, at *4–5 (N.D. Fla. Mar. 14, 2012), *adopted by*, 2012 WL 1230823 (N.D. Fla. Apr. 11, 2012) (finding frivolous defendant's argument that the United States has no jurisdiction in Florida). As stated, Schimmel pled guilty to using the internet in his Alexandria residence to commit his crime. *See* Stmt. of Facts, *Schimmel*, No. 1:12-cr-494-LO-1 (E.D. Va. Jan. 30, 2013). Thus, the government's territorial jurisdiction to prosecute Schimmel is amply established by the record and this claim should be dismissed.

Finally, Schimmel argues that his indictment is void on the grounds that the prosecutor, and not the court, is "holding all grand jury proceedings as well as the grand jury logs," thereby lending a presumption, under *United States v. Williams*, 504 U.S. 36 (1992), that the records are "tainted and have been altered by the government." Second Am. Pet. at 8–9, D.E. 5-1. He also argues that his indictment was not presented in "open court" and that no quorum existed for the grand jury. *See id.* The portion of *Williams* upon which Schimmel apparently relies discusses the

grand jury's function outside of the three branches of government established by Articles I through III of the Constitution, but does not support any of Schimmel's arguments. *See Williams*, 504 U.S. at 47. Further, Schimmel has failed to cite to any portion of the record to support his factual allegations. His unsupported legal conclusions are insufficient to establish a ground for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (holding that denial of habeas petition was appropriate where it "stated only bald legal conclusions with no supporting factual allegations"); s*ee also Jones v Polk*, 401 F.3d 257, 269–70 (4th Cir. 2005) ("[C]onclusory and speculative allegations…. do not trigger the right to [an evidentiary] hearing."); *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987), *cert. denied*, 484 U.S. 1074 (1988) (stating "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient). This argument is frivolous and should be dismissed.

### IV. Conclusion

Based upon the foregoing, the undersigned grants Schimmel's motion to amend (D.E. 5) and recommends that the court dismiss his habeas corpus petition without prejudice due to a lack of subject matter jurisdiction.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: April 12, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE