IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2260-BO

JAMES RAYMOND SCHIMMEL, )
)
Petitioner, )
)
v. ) **ORDER**
)
WARDEN HOLLENBACK, )
)
Respondent. )

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) [D.E. 6]. The court ADOPTS the Order and M&R.

**BACKGROUND**

On November 6, 2015, petitioner James Raymond Schimmel ("Schimmel"), a federal inmate proceeding *pro se,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1] accompanied by a document entitled "Challenge to Prove Territorial Jurisdiction Dicial [sic] Notice of Venue by Affidavit" [D.E. 1-1], which Judge Numbers construed as a memorandum in support of his habeas petition. Thereafter, Schimmel filed a first amended petition on the form prescribed for use in this court for filing a § 2241 petition [D.E. 4]. On November 30, 2015, Schimmel filed a motion to amend his petition [D.E. 5], accompanied by a proposed second amended petition entitled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and the Doctrine of Necessity and Motion to Dismiss Indictment under the Fair Warning Act" [D.E. 5-1]. Judge Numbers granted Schimmel's motion to amend his petition and

reviewed all of Schimmel's filings together in conducting the preliminary review under 28 U.S.C. § 2243.

In his petition, Schimmel challenged the validity of his conviction and sentence on three grounds: (1) the court in his criminal case lacked jurisdiction to impose his sentence because 18 U.S.C. § 3231 is unconstitutional and void, First Am. Pet. ¶ 13, D.E. 4 (Ground One);[1] (2) the court lacked territorial jurisdiction to prosecute him, id. (Ground Two); and (3) his indictment is invalid because the prosecutor is holding the grand jury records, no presentment of the indictment was made in open court, and no quorum existed for the grand jury, id. (Ground Three). He argued that he should be immediately discharged from custody, and his judgment vacated. Id. ¶ 15.

On April 12, 2016, Judge Numbers entered a Order and M&R recommending that the court dismiss the petition on the ground that Schimmel's challenge to his the validity of his conviction and sentence was an attack on the legality, as opposed to the execution, of his sentence. Judge Numbers concluded that Schimmel failed to establish that 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention" because he could not satisfy the three–part test set out in In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) for meeting § 2255's "savings clause." See 28 U.S.C. § 2255(e). Judge Numbers further concluded that the court cannot convert Schimmel's § 2241 petition into a § 2255 motion because Schimmel has already sought relief under § 2255 and cannot bring a second or successive § 2255 motion unless he obtains permission from the Fourth Circuit Court of Appeals.

---

[1] 18 U.S.C. § 3231 states, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

On April 21, 2016, Schimmel filed a motion to extend the deadline for him to file objections to the Order and M&R [D.E. 7]. On April 29, Schimmel filed his objections [D.E. 8].

**DISCUSSION**

The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court has reviewed the Order and M&R, the record, and the pleadings.

Schimmel objects to Judge Numbers' conclusion that he may not challenge his conviction and sentence pursuant to § 2241. See Obj. [D.E. 8] 1–4.

First, Judge Numbers correctly concluded that because Schimmel is attacking the legality, rather than the execution, of his sentence, he must pursue his claim pursuant to 28 U.S.C. § 2255 and not § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test

the legality of his detention." 28 U.S.C. § 2255 (e) (the "savings clause"); Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014); In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997) (en banc). See Walsh v. United States, No. 5:09CV124-V, No. 5:06CR51-V, 2010 WL 3527548, at * 2 n. 3 (W.D.N.C. Sept. 2, 2010) ("A § 2241 habeas petition generally challenges the execution of a sentence rather than its validity, whereas a direct appeal and § 2255 motion challenge the imposition of the sentence, including its validity.") (citing United States v. Miller, 871 F.2d 488, 489–90 (4th Cir. 1989)) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself").

In order to show that § 2255 is inadequate or ineffective, a petitioner must satisfy three conditions:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). If Schimmel cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

With respect to his claims, Schimmel is unable to meet the second prong of the Jones test because the substantive law has not changed so that his conduct—enticing a minor to engage in criminal sexual activity—is no longer criminal. See, e.g., Rice, 617 F.3d at 807. Because Schimmel has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective" remedy, he must proceed with his claim pursuant to § 2255. Judge

Numbers correctly concluded that the court may not convert Schimmel's § 2241 petition into a § 2255 motion because Schimmel has already sought relief under § 2255 and cannot bring a second or successive motion unless authorized by the Fourth Circuit. 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F. 3d 200, 205 (4th Cir. 2003). This objection is OVERRULED.

Next, Schimmel argues that the M&R does not address certain claims raised in his previously filed motions in his sentencing court and in his brief to the Fourth Circuit Court of Appeals. See Obj. at 5–7. This objection is frivolous. Schimmel's arguments to his sentencing court and on his appeal from his sentence are not before this court. This objection is OVERRULED.

**CONCLUSION**

The court ADOPTS the Magistrate Judge's Order and M&R [D.E. 6]. The motion for extension to file objections [D.E. 7] is GRANTED, petitioner's objections [D.E. 8] are OVERRULED, and the petition is DISMISSED WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED. This 20 day of August 2016.

TERRENCE W. BOYLE
United States District Judge